United States District Court
Southern District of Texas
**ENTERED**
June 17, 2024
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| VAN THI-HANH TRINH | § | |
| | § | |
| *Plaintiff*, | § | CIVIL ACTION NO. 4:24-1997 |
| | § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff Van Thi-Hanh Trinh, proceeding pro se and in forma pauperis, filed a document titled "Notice of Removal" on May 13, 2024. ECF 1. The Notice attaches a "2d Amended Application Requesting Declaration," in Cause No. 2023-57318 in the 133rd District Court of Harris County, Texas, which was filed by Plaintiff in December 2023. *Id.* at 13-58. Plaintiff has previously attempted to remove other cases that plaintiff filed in state court, all of which have been remanded to state court. *Trinh v. JP Morgan Chase et al.*, Civil Action No. 4:24-cv-1230 (ECF 8); *Trinh v. CITGO Petroleum Corp. et al.*, Civil Action No. 4:24-cv-1231 (ECF 4); *Trinh v. Pan*, Civil Action No. 4:24-cv-1236 (ECF 6). Plaintiff believes that multiple entities are responsible for implanting an illegal microchip in Plaintiff "for bio-engineering experimentation" and have been stealing Plaintiff's identity. ECF 1 at 2. Also before the Court is Plaintiff's Motion for an Extension of Time to seek counsel. ECF 2.

This case was improperly removed. Removal is available only to defendants. 28 U.S.C. § 1446(a) (authorizing "[a] defendant or defendants" to file a notice of

removal).  Plaintiff cannot remove a case he filed in state court.  In addition, if this case were permitted to remain in federal court, it would be subject to dismissal under 28 U.S.C. § 1915(e)(2) because Plaintiff alleges "fantastic or delusional scenarios, claims with which federal district judges are all too familiar."  *See Neitzke v. Williams*, 490 U.S. 319, 328 (1989).

The Court therefore RECOMMENDS that this case be remanded to the 133rd District Court of Harris County.  It is further ORDERED that Plaintiff's Motion for Extension of Time to Seek Counsel (ECF 2) is DENIED as moot.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C).  Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

 Signed on June 17, 2024, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge